IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JALARAM FRANKLIN INC., )<br>DBA DAYS INN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SENECA SPECIALTY INSURANCE )<br>COMPANY, )<br>    Defendant. ) | Civil Action No: 3:22-cv-00320<br>Judge Richardson/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss for Want of Prosecution filed by the Defendant. Docket No. 51. Defendant submits that Plaintiff has failed to comply with the Local Rules of Court and the Court's prior orders regarding discovery and based upon Plaintiff's failure to participate in discovery or otherwise prosecute the case, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b). Docket No. 51. The Plaintiff has filed a response in opposition to the motion acknowledging its deficiency with regard to discovery but indicating that as of the date of its response, the interrogatories and request for production of documents have been answered. Docket No. 52.

For the reasons set forth herein, the undersigned recommends that the Defendant's motion to dismiss be **DENIED**.

## BACKGROUND

Plaintiff brought this action for breach of contract against the Defendant based upon Defendant's denial of Plaintiff's insurance claim alleging storm damage to the exterior and interior finishes of the Plaintiff property. Docket No. 1-2.

The Court entered an Initial Case Management Order on July 5, 2022, setting deadlines for

the completion of discovery and filing of dispositive motions. Docket No. 16. The Parties commenced with discovery and defense counsel served interrogatories and request for production of documents to counsel on August 8, 2022. Docket No. 51. On April 12, 2023, the Court granted a motion to withdraw filed by Plaintiff's prior counsel in this matter. Docket No. 36. On June 16, 2023, current counsel for the Plaintiff filed a notice of appearance in this matter. Docket No. 39. The trial of this matter was continued and is currently set for August 20, 2024. Docket No. 46. Thereafter, the Court entered a second revised case management order establishing deadlines for discovery and dispositive motions. Docket No. 47. The Court extended the deadline for fact discovery to January 31, 2024. Docket No. 49.

On January 26, 2024, Defendant filed the instant motion to dismiss for lack of prosecution. Docket No. 51. As set forth in the Defendant's motion, and generally agreed to by the Plaintiff, written discovery in this matter was propounded on August 8, 2022, to prior counsel. The Parties had numerous conversations about the status of discovery sometimes resulting in responses from Plaintiff's counsel, other times not. On November 27, 2023, the Court held a case management conference and discussed the outstanding discovery instructing Plaintiff to provide discovery responses. Docket No. 51. On January 12, 2024, Plaintiff's counsel provided unverified and incomplete discovery responses to defense counsel. *Id.*

In response to the motion, Plaintiff generally agreed with the timeline regarding discovery set forth by the Defendant in its motion. Docket No. 52. Plaintiff further advised that as of the date of its response, the interrogatories and request for production of document had been answered. *Id.* The Defendant has not filed a reply or otherwise disputed that the written discovery has now been answered.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382,

3

Case 3:22-cv-00320    Document 53    Filed 02/16/24    Page 3 of 5 PageID #: 401

385 (5th Cir. 1978).

The Court's discretion in managing its docket and avoiding unnecessary burdens on opposing parties and the judiciary is preserved, as it should be. In exercising its discretion, the Court is guided by the preference of the law for resolution of disputes on the merits. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (the spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors); *Dassault Systemes, SA v. Childress*, 663 F. 3d 832, 841 (6th Cir. 2011).

It is beyond dispute that the Plaintiff has been dilatory in responding to the written discovery in this matter. The delay is not inconsequential given the current scheduling order in this matter and the Court's prior instructions regarding the importance of preserving the dispositive motion deadline set for April 1, 2024, and the trial date of August 20, 2024. While the Plaintiff has offered some less than compelling explanations for the delay in providing discovery responses, it does not follow that the Plaintiff has lost interest in this litigation and has abandoned his claims.

Without question dismissal as a discovery sanction is harsh. Giving due consideration to the factors the Court must consider whether to dismiss an action under Rule 41(b) of Federal Rules of Civil Procedure, the Court does not believe dismissal is an appropriate remedy. This is especially true given Plaintiff's representation that the discovery responses have now been provided.

The previously imposed deadlines remain in effect and the Parties should be mindful of those deadlines. Given the apparent status of discovery and approaching deadlines it is critical for the Parties' counsel to remain in close communication in order to assure that this matter can move toward completion and also that the Parties are being diligent in the prosecution of this case.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Defendant's motion to dismiss for failure to prosecute (Docket No. 51) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**